Gregory L. Weeks, Esq., CSB No. 58584
Janet Robertson Kaufman, Esq., CSB No. 116143
Gregory K. Nelson, Esq., CSB No. 203029
Chandler G. Weeks, Esq., CSB No. 245503
WEEKS, KAUFMAN, NELSON & JOHNSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Fax: (858) 794-2141
Email: Office@wknjlaw.com

Attorneys for Plaintiff

FILED
08 APR 23 PM 3:14
CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 737 JLS JMA

| | |
|---|---|
| OAKLEY, INC., a Washington Corporation, Plaintiff, vs. DIBA IMPORTS, LP dba DIBA SHOES and dibashoes.com, a Missouri corporation, and DEMAND SHOES, LLC, a Missouri corporation, Defendants. | Case No.: COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN<br><br>DEMAND FOR JURY TRIAL |

Plaintiff OAKLEY, INC. (hereinafter referred to as "Oakley") hereby complains of Defendants DIBA IMPORTS, LP dba DIBA SHOES and dibashoes.com, (hereinafter referred to as “Diba”), DEMAND SHOES, LLC, (hereinafter referred to as “Demand Shoes”), collectively referred to as “Defendants” and alleges as follows:

… … …

… … …

## JURISDICTION AND VENUE

1. Jurisdiction over this action is founded upon 15 U.S.C. § 1121, and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. §§ 1391(b) and (c), this claim having arisen and Defendant doing business in this district.

## THE PARTIES

2. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610, doing business within this judicial district.

3. Oakley is informed and believes, and thereupon alleges that Defendant Diba Imports, LP dba Diba Shoes and dibashoes.com is a Missouri corporation with its principal place of business located at 3630 Corporate Trail Drive, Earth City, Missouri 63045. Oakley is informed and believes that Defendant is doing business as Bronx, Diba/Blink/Luichiny Shoes at dibashoes.com. Oakley alleges that Defendant Diba Imports, LP dba Diba Shoes is doing business within this judicial district through its distribution of product to third parties within and throughout this judicial district, and also through its website www.dibashoes.com, and others.

4. Oakley is informed and believes, and thereupon alleges that Defendant Demand Shoes, LLC is a Missouri corporation with its principal place of business located at 3630 Corporate Trail Drive, Earth City, Missouri 63045. Oakley alleges that Defendant Demand Shoes is doing business within this judicial district through its distribution of product to third parties within and throughout this judicial district. Oakley is informed and believes, and thereupon alleges, that Demand Shoes distributes Diba branded shoes for Diba, including the accused product.

## FACTUAL BACKGROUND

5. As early as 1976, Oakley has been and continues to be actively engaged in the manufacture and sale of high quality sport eyewear products, footwear, and apparel. Oakley is currently manufacturing and selling several lines of footwear and accessories under the "Oakley" name, which has come to be known as a source

indicator of Oakley products. The "Oakley" trademark has been used continuously in association with its footwear products since 1997.

6. Oakley is the owner of U.S. Registered Trademark No. 2,293,046, duly registered on November 16, 1999, claiming the trademark "OAKLEY" for use on goods in Classes 25. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 1.

7. The trademark registration referred to above is in full force and effect. The trademark and the good will of the business of Plaintiff Oakley in connection with which the trademark has been used have never been abandoned. Oakley continues to preserve and maintain its rights with respect to said trademark registration.

8. The trademark above is inherently distinctive in appearance and has become, through public acceptance, a distinctive designation of the source of origin of goods offered by Oakley.

9. Plaintiff is informed and believes and based thereon alleges that Defendants and their agents, employees, and servants have advertised and sold products bearing the trademark referred to above, which advertisements and products sold are confusingly similar to that of the Oakley's trademark, and are, therefore, an infringement of Oakley's above described trademark.

10. Defendants received written notice of Oakley's proprietary rights in its trademark by way of actual written notice from Oakley. Further, Defendants have received constructive notice of Oakley's trademarks as Oakley caused the trademarks to be placed plainly on the advertisements and/or packaging. Despite said actual and constructive knowledge, Defendants have continued to infringe Oakley's trademark rights. On information and belief, such infringement by Defendants have been willful and wanton.

11. Since 1997, Oakley has expended money in the promotion of its footwear product lines utilizing the "Oakley" trademark. As a result of these promotional efforts, Oakley products have become and are now known to be connected to the

mark and are recognized in this District and elsewhere as emanating from and authorized by Oakley.

12. Oakley's products and their connection with the "Oakley" trademark have become, through public acceptance, a distinctive designation of the source of origin of goods offered by Oakley and an asset of incalculable value as a symbol of Oakley and its quality goods and good will.

13. Oakley is informed and believes and thereupon alleges that the Defendants' footwear products bearing the name "Oakley", are designed, manufactured, packaged, advertised, displayed and/or sold expressly to deceive customers desirous of purchasing products authorized by Oakley or to profit from the demand created by Oakley for the inherently distinctive features of the Oakley products.

14. Oakley is further informed and believes and thereupon alleges that the presence of Defendants' products in the marketplace using a mark that is the same as Oakley's trademark damages the value of Oakley's exclusive rights. The presence of the products in the marketplace using a mark that is the same or substantially similar to Oakley's trademark is likely to diminish the apparent exclusivity of the genuine Oakley products thereby dissuading potential customers who otherwise would have sought Oakley products. Upon information and belief, Oakley alleges that such deception has misled and continues to mislead and confuse many of the purchasers to buy the products sold by Defendants and/or has misled non-purchasers to believe the products emanate from or are authorized by Oakley.

15. Oakley is informed and believes and thereupon alleges that the sale of Defendants' products using a mark identical to Oakley's trademark has resulted in lost sales, has reduced the business and profit of Oakley, and has greatly injured the general reputation of Oakley, all to Oakley's damage in an amount not yet fully determined.

16. The exact amount of profits realized by Defendant as a result of its infringing activities, are presently unknown to Oakley, as are the exact amount of damages suffered by Oakley as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Further, Defendants' actions are irreparably injuring Oakley and will continue unless and until enjoined by this court.

## FIRST CLAIM FOR RELIEF

17. The allegations of paragraphs 1 through 16 are repled and realleged as though fully set forth herein.

18. This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114 against Defendants and each of them.

19. Jurisdiction is founded upon 15 U.S.C. § 1121.

20. Oakley is the owner of U.S. Registered Trademark No. 2,293,046, which confer on Oakley the exclusive right to use this trademark in commerce. True and correct copies of U.S. registered Trademark No. 2,293,046 is attached hereto as Exhibit 1.

21. The mark has been in use in commerce in connection with the sale of Oakley footwear products continuously since at least as early as their respective dates of issue. The marks appear clearly on product, packaging, advertisements, product brochures, and/or the website www.oakley.com.

22. Defendants, through their agents, employees and servants, have manufactured, advertised, and sold products using a substantially similar mark to Oakley's registered marks without authority from Oakley for doing so.

23. Oakley is informed and believes, and thereupon alleges, that Defendants' use of the name "Oakley" is identical to Oakley's registered trademark "Oakley". Accordingly, Defendants' product should be considered counterfeit. Defendants' use is within the same class of goods as Oakley's trademark rights, class 25.

24. Oakley is informed and believes, and thereupon alleges, that Defendants' use of "Oakley" in connection with goods in commerce constitutes trademark infringement, false designation or origin, a false description or representation of goods and wrongfully and falsely represents to the consuming public that the Defendants' advertising and products bearing the Oakley trademark originated from or somehow are authorized by Oakley.

25. Oakley is informed and believes, and thereupon alleges, that Defendants' unauthorized use of Oakley's registered trademark has caused confusion in the marketplace as to the source of origin of Defendants' products and has caused damage to Oakley within this jurisdictional district.

26. Oakley is informed and believes, and thereupon alleges, that Defendants' willfully infringed upon Oakley's exclusive rights under its trademark with the intent to trade upon the good will of Oakley and to injure Oakley.

27. Oakley is informed and believes, and thereupon alleges, that Defendants have derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

28. Oakley is informed and believes, and thereupon alleges, that Defendants will continue to infringe Oakley's registered trademark to the great and irreparable injury of Oakley, for which Oakley has no adequate remedy at law unless Defendants are enjoined by this court.

29. Oakley has been damaged in this judicial district as a result of the Defendants' infringement of its trademark.

## SECOND CLAIM FOR RELIEF

30. The allegations of paragraphs 1 through 29 are repled and realleged as though fully set forth herein.

31. This is an action for unfair competition, false designation of origin of goods, and false description or representation of goods against Defendants, pursuant to 15 U.S.C. § 1125(a).

32. Jurisdiction is founded upon 15 U.S.C. § 1121.

33. Oakley is informed and believes and thereupon alleges that Defendants' use of "Oakley" constitutes a false designation of origin, a false description or representation of goods, and wrongfully and falsely represents to the consuming public that the Diba products originated from or somehow are authorized by Oakley. These acts amount to utilizing a false designation of origin and a false description or representation in interstate commerce to compete unfairly with Oakley.

34. Oakley is informed and believes and thereupon alleges that the actions of Defendants were done willfully, knowingly and maliciously with the intent to trade upon the good will of Oakley and to injure Oakley.

35. The Defendants' acts are in violation of 15 U.S.C. § 1125(b), and will continue to the great and irreparable injury of Oakley unless enjoined by this Court.

WHEREFORE, Plaintiff Oakley, Inc. prays as follows:

1. That Defendants be adjudicated to have infringed Oakley's Registered Trademark No. 2,293,046, and that the trademark is valid and enforceable and is owned by Oakley;

2. That Defendants, and their agents, servants, employees, and attorneys and all persons in active concert and participation with them, be enjoined and restrained, during the pendency of this action and permanently thereafter from:

A. Using the Oakley's Registered Trademark No. 2,293,046 or any mark similar thereto in connection with the sale of any goods;

B. Using "Oakley" mark in connection with the sale of any goods;

C. Committing any acts which may cause purchasers to believe that the Defendants or the products Defendants are selling are sponsored or authorized by, or are in any way associated with Plaintiff;

D. Selling, passing off, or inducing or enabling others to sell or pass off any products as products produced by Plaintiff, which products are not Plaintiff's or are not produced under the control and supervision and approved by Plaintiff; and

E. Infringing Plaintiff's trademark rights;

3. That Defendants, their agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined and restrained, during the pendency of this action, and permanently thereafter from advertising or selling products in any manner that does or tends to dilute the distinctive value of Oakley's "Oakley" trademark;

4. That Defendants be directed to file with this court and serve upon Oakley within 30 days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction;

5. That Defendants be required to account to Oakley for any and all profits derived by it, and all damages sustained by Oakley by reason of Defendants' trademark infringement, unfair competition and false designation of origin, together with interest and costs;

6. For all of Defendants' profits derived from their infringement of Plaintiff's trademark rights pursuant to 15 U.S.C. § 1117;

7. For treble damages under 15 U.S.C. § 1117;

8. That an award of reasonable costs, expenses, and attorney's fees be awarded against Defendants pursuant to 15 U.S.C. § 1116(a); and

9. That Oakley have such other and further relief as the circumstances of this case may require and as this court may deem just and proper.

DATED: April 22, 2008 WEEKS, KAUFMAN, NELSON & JOHNSON

GREGORY K. NELSON
Attorney for Plaintiff, Oakley, Inc.

JURY DEMAND

Plaintiff Oakley, Inc. hereby requests a trial by jury in this matter.

DATED: April 22 2008 WEEKS, KAUFMAN, NELSON & JOHNSON

GREGORY K. NELSON
Attorney for Plaintiff, Oakley, Inc.

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,293,046

United States Patent and Trademark Office Registered Nov. 16, 1999

## TRADEMARK
## PRINCIPAL REGISTER

# OAKLEY

OAKLEY, INC. (WASHINGTON CORPORATION)
10 HOLLAND
IRVINE, CA 92718

FOR: CLOTHING, HEADWEAR AND FOOTWEAR AND FOOTWEAR, NAMELY, SPORT SHIRTS, JERSEYS, SHIRTS, JACKETS, VESTS, SWEATSHIRTS, PULLOVERS, COATS, SKI PANTS, HEADWEAR, CAPS, SHOES, ATHLETIC FOOTWEAR, ALL PURPOSE SPORTS FOOTWEAR AND SOCKS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-0-1997; IN COMMERCE 10-0-1997.

OWNER OF U.S. REG. NOS. 1,356,297, 1,522,692, AND 1,980,039.

SEC. 2(F).

SN 75-154,056, FILED 8-22-1996.

DOMINICK J. SALEMI, EXAMINING ATTORNEY

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150124 - MS

April 23, 2008
15:20:19

Civ Fil Non-Pris
USAO #.: 08-CV-0737-JLS CIVIL FILING
Judge..: JANIS L. SAMMARTINO
Amount.: $350.00 CK
Check#.: BC2215

Total-> $350.00

FROM: OAKLEY, INC VS. DIBA IMPORTS,
DBA DIBA SHOES
CIVIL FILING

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

OAKLEY, INC., a Washington corporation

(b) County of Residence of First Listed Plaintiff: Orange County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Weeks, Kaufman, Nelson & Johnson, 462 Stevens Ave., Suite 310, Solana Beach, CA 92075 (858) 794-2140

**DEFENDANTS**

DIBA IMPORTS, LP dba DIBA SHOES and diabashoes.com, a Missouri corporation, and DEMAND SHOES LLC, a Missouri corporation

County of Residence of First Listed Defendant: Earth City, Missouri
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 737 (JLS) JMA

FILED 08 APR 23 PM 3: 51 CLERK, U.S. DISTRICT COURT — DEPUTY

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. Sections 1121, 1128, and 1331

Brief description of cause:
This is a case of trademark infringement

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 04/22/2008 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 150124 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

CR MS 4/23/08